IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARL ROY CANTRELL,

      Plaintiff,

v.                                              No. 2:24-cv-00708-WJ-GJF

CITY OF ALAMOGORDO,

      Defendant.

## **MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 8, Doc. 1, filed July 10, 2024 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 5, filed August 9, 2024.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de*

*Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $1,050.00; and (ii) Plaintiff's monthly expenses total $1,000.00.  The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating he is unable to pay the costs of this proceeding, and because his monthly expenses are approximately equal to his low monthly income.

**The Complaint**

Plaintiff was charged by the City of Alamogordo for having debris on his property.  *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 8, Doc. 1, filed July 10, 2024 ("Complaint").  Plaintiff alleged the City of Alamogordo violated Plaintiff's Fourteenth Amendment rights and "is denying me the rights and liberty to control my property, manage my property, and determine the appearance of my property.  They are dictating how I can and cannot live on my own property and how my property can and cannot look." Complaint at 3.  It appears that the only relief Plaintiff seeks is injunctive relief.  *See* Complaint at 5 (stating "If the court enforces the US Constitution to shut down the City's unconstitutional program . . . and investigates for other unconstitutional and illegal programs . . . I will be very happy").

United States Magistrate Judge Gregory J. Fouratt notified Plaintiff:

> Plaintiff fails to state a claim for injunctive relief regarding the City of Alamogordo's "program:"

> "For a party to obtain a permanent injunction, it must prove: (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest."

*Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 822 (10th Cir. 2007).

> Municipalities enjoy broad latitude in regulating zoning and property uses; "before a zoning ordinance can be declared unconstitutional on due process grounds, the provisions must be clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Messiah Baptist Church v. Cnty. of Jefferson,* 859 F.2d 820, 822 (10th Cir.1988). The arbitrariness of government action must be "extreme" for the action to violate substantive due process. *Klen v. City of Loveland,* 661 F.3d 498, 513 (10th Cir.2011).

> *Schanzenbach v. Town of Opal, Wyo.*, 706 F.3d 1269, 1276-77 (10th Cir. 2013). The Complaint does not allege that City of Alamogordo's ordinance regarding debris is arbitrary and unreasonable, and has no substantial relation to the public health, safety, morals, or general welfare. Conclusory allegations that the City's program is "unconstitutional," without supporting factual allegations, do not give the City of Alamogordo fair notice of the grounds for Plaintiff's claims. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

Order to Show Cause at 2-3, Doc. 3, filed July 22, 2024. Judge Fouratt ordered Plaintiff to show cause why the Court should not dismiss this case for failure to state a claim upon which relief can be granted and to file an amended complaint. *See* Order to Show Cause at 4 (notifying Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case).

Plaintiff filed a Response to the Order to Show Cause but did not file an amended complaint. *See* Doc. 4, filed August 9, 2024. Plaintiff states:

3

> From the beginning, this case was about weeds and debris or the appearance of property and not about garbage and refuse, which would have to do with health issues. It is about them making money by unconstitutionally dictating the appearance of people's property to control the property and the people.

Response at 3.  After someone burned down Plaintiff's wooden shed, which had a cinder-block foundation, Plaintiff left the burned wood and cinder blocks in place.  *See* Response at 7, 9.  Plaintiff states that he left the burned wood in place: (i) for the City to investigate because it is evidence of arson; (ii) because he "was taught that tampering with evidence is a felony;" and (iii) to do "field research," having spread ash "to add nutrients to the soil to see what effect it would have on vegetation before grinding up the rest of that burned wood to scatter around my yard as in-place-compost to improve the nutrients in the soil."  Response at 8-9.  "I left the cinderblocks in place so that, if I could somehow get the money to replace that shed . . . I could just put the replacement shed on the same cinder block foundation as the destroyed shed."  Response at 9.  The state district court "observed noticeable debris in the photographs which appear to be the remnants of a burned structure" and "declared the remaining sections of the building to be debris and made a finding that [Plaintiff] had in fact violated the [City of Alamogordo] debris ordinance."  Response at 5.  Plaintiff contends:

> There is no debris, junk, garbage or anything else there; just resources.
> . . . .
> to a rich person, who can afford to throw away something and buy a new one, it will be junk but, to a poor person who may need one or more parts from that thing to repair something else later to save money, it is a resource.

Response at 9, 11.

The sole basis in Plaintiff's Complaint for challenging the constitutionality of the City of Alamogordo's debris ordinance is that the ordinance "dictates the appearance" of his property thereby depriving him of property without due process of law.  Plaintiff's Response now appears to be challenging the debris ordinance on void for vagueness grounds.

4

> As a basic matter of due process, a law is "void for vagueness" if it does not clearly define its prohibitions. *Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972).
> . . . .
> "Facial challenges are strong medicine," and thus we "must be vigilant in applying a most exacting analysis to such claims." *Ward v. Utah,* 398 F.3d 1239, 1246–47 (10th Cir. 2005). Though perhaps "efficient in the abstract," facial challenges risk "losing the lessons taught by the particular." *Sabri v. United States,* 541 U.S. 600, 609, 124 S.Ct. 1941, 158 L.Ed.2d 891 (2004). It is for this reason that a party must show, at a minimum, that the challenged law would be vague in the vast majority of its applications; that is, that "vagueness permeates the text of [the] law." *City of Chicago v. Morales,* 527 U.S. 41, 55, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999).
> . . . .
> A statute is unconstitutionally vague for one of two reasons: it either "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits"; or it "authorizes or even encourages arbitrary and discriminatory enforcement." *Hill v. Colorado,* 530 U.S. 703, 732, 120 S.Ct. 2480, 147 L.Ed.2d 597 (2000).

*Doctor John's, Inc., v. City of Roy*, 465 F.3d 1150, 1157-58 (10th Cir. 2006).

Plaintiff's Response fails to show that the Court should not dismiss the Complaint for failure to state a claim for two reasons. First, while Plaintiff suggests that "debris" is not well defined because what may be trash for one person may be a resource for another, Plaintiff does not quote the debris ordinance, describe how it fails to adequately define "debris" or explain how it authorizes arbitrary or discriminatory enforcement. Second, Plaintiff does not address the lack of factual allegations in the Complaint giving fair notice to the City of Alamogordo of the grounds for Plaintiff's claim that the debris ordinance is unconstitutional.

The Complaint fails to state a claim on which relief may be granted. Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant

5

of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend"). Judge Fouratt ordered Plaintiff to file an amended complaint. Plaintiff failed to do so.

The Court dismisses this case because: (i) the Complaint fails to state a claim on which relief may be granted; (ii) Plaintiff has not shown that the Court should not dismiss this case for failure to state a claim; and (iii) Plaintiff has not filed an amended complaint.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 5, filed August 9, 2024, is **GRANTED.**

(ii) This case is **DISMISSED without prejudice.**

/s/
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**